UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANSEL RODRIGUEZ )<br>    Plaintiff )<br> )<br>v. )<br> )<br>SEAVIEW MOTORS & REPAIR )<br>LLC and WESTLAKE SERVICES, )<br>LLC, )<br>    Defendants ) | CIVIL ACTION NO.<br><br><br>TRIAL BY JURY DEMANDED<br><br>FEBRUARY 2, 2021 |

## **COMPLAINT**

### I.  INTRODUCTION

1. This is a suit brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") against Seaview Motors & Repair LLC ("Seaview") regarding the purchase and sale of a 2017 Ford F-150 (the "Vehicle").  Plaintiff also alleges breach of express warranty and breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.,* rescission under the Retail Installment Sales Financing Act ("RISFA"), violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq*., and civil forgery with respect to Seaview.  Plaintiff also claims against Westlake Services, LLC ("Westlake"), the assignee of the retail installment contract for the Vehicle.

### II.  PARTIES

2. Plaintiff, Hansel Rodriguez ("Plaintiff"), is a natural person residing in Danbury, Connecticut.

3. Seaview is a Connecticut limited liability company that operates a motor vehicle dealership in Bridgeport, Connecticut.

4. Westlake is a California limited liability company with headquarters in Los Angeles, California that accepts assignment of retail installment contracts from car dealerships such as Seaview.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 2310(d)(1)(B), and 28 U.S.C. § 1367.

6. This Court has jurisdiction over Seaview because it is located in Connecticut.

7. This Court has jurisdiction over Westlake because it regularly conducts business in this state.

8. Venue in this Court is proper, because the Plaintiff resides in Connecticut and the transaction alleged herein occurred in this state.

### IV. FACTUAL ALLEGATIONS

9. On August 6, 2020, Plaintiff went to Seaview interested in purchasing the Vehicle, which was advertised for $23,500.

10. Plaintiff told Seaview that he would require financing to purchase the Vehicle.

11. Seaview took Plaintiff's credit application and later told him that his application for credit had been approved.

12. Seaview told Plaintiff that his annual percentage rate of interest would be 8.99% and his monthly payment would be approximately $380.

13. Seaview requested a down payment of $7,000.

14. Plaintiff paid a $3,000 deposit, and he and Seaview agreed that he could return at a later time to pay the remaining $4,000 balance and to sign contract documents.

15. Prior to the time that Plaintiff could return to complete the sale, on or about August 14, 2020, Seaview prepared an electronic retail installment contract (the "Forged Contract") and forged Plaintiff's digital signature.

16. The Forged Contract had an APR of 9.99% and monthly payments of $395.78, which were substantially higher than the interest rate and monthly payment that had been disclosed to Plaintiff.

17. Plaintiff did not consent to Seaview's forging of his name on the Forged Contract.

18. Seaview assigned the Forged Contract to Westlake.

19. Seaview texted Plaintiff on August 15 and told him to call, whereupon Seaview told Plaintiff that Westlake might contact him and, if it did, Plaintiff should lie and state that he was in possession of the Vehicle.

20. When Plaintiff questioned this instruction, Seaview told him that this was standard practice in the automotive industry.

21. On August 18, 2020, Plaintiff returned to Seaview to pay the remaining balance of the down payment and take delivery of the Vehicle. He signed various documents by hand, but was not given a copy of a purchase order or the Forged Contract.

22. Plaintiff eventually procured the Forged Contract from Westlake directly, whereupon he discovered that his digital signature had been forged on the document,

that the Forged Contract was dated prior to his return to Seaview, and that the interest rate and monthly payment were higher than represented by Seaview.

23. The Vehicle was sold to Plaintiff with a 60 day/3,000 mile express written warranty.

24. On or about September 13, 2020, during a time that the Vehicle was within the date and mileage limitations of the express written warranty, the Vehicle experienced engine problems and the check engine light illuminated.

25. Plaintiff informed Seaview, and he brought the Vehicle to Seaview for repairs.

26. It is unclear the nature of the problem or the repairs, because Seaview failed to give Plaintiff a repair invoice indicating the problem or work it performed.

27. Whatever repairs that Seaview attempted were inadequate and failed to address whatever underlying defect existed with the engine, because the engine blew on October 5, 2020, about a week after Seaview worked on it.

28. Plaintiff had the Vehicle towed to Seaview, who has refused to repair it.

29. As of the date of filing this complaint, the Vehicle remains at Seaview.

30. On or about November 20, 2020, Plaintiff provided notice to Seaview and Westlake that he was revoking acceptance or, alternatively, rescinding the contract, and he demanded a return of the amounts that he had paid.

31. Neither defendant has returned any sums to Plaintiff.

## V.  CAUSES OF ACTION

### A.  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

32. The Vehicle is a consumer product as that term is defined in § 2301(1) of the Magnuson-Moss Federal Warranty Act (15 U.S.C. §§ 2301-2312).

33. A warranty that the Vehicle was merchantable at the time of sale was implied in the Contract by operation of Conn. Gen. Stat. § 42a-2-314.

34. Seaview breached the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314, because the Vehicle was not in merchantable condition at the time of sale to Plaintiff because it would not pass in trade without objection because it was not fit for the ordinary purposes for which vehicles are used, or both.

35. The Vehicle's defects substantially impair the value of the Vehicle to Plaintiff, and he accepted it because the defects were unknown to him at the time of sale because he relied on the representations of Seaview concerning the defects.

36. Plaintiff provided Seaview with notice of the breach of implied warranty, and Seaview failed or refused to cure the defects despite being given a reasonable opportunity to do so.

37. Additionally, the forgery on the Forged Contract and the false statements regarding the interest rate and monthly payment constitute fraud or material misrepresentation, for which Plaintiff is entitled to the same remedies as he would have for breach of warranty pursuant to Conn. Gen. Stat. § 42a-2-721.

38. Seaview's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were

undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained.

39. Seaview and Westlake are liable to Plaintiff for his damages, including common law punitive damages and attorney's fees and costs under the MMWA.

40. Westlake is subject to these claims and to Plaintiff's defenses under the Contract in accordance with the terms of the Contract and pursuant to Conn. Gen. Stat. § 52-572g.

## B. BREACH OF WRITTEN WARRANTY

41. The Vehicle was sold to Plaintiff with a warranty that the Vehicle would be mechanically operational and sound for the lesser of 60 days or 3,000 miles, and Seaview's 60 day or 3,000 mile warranty constituted a written warranty under the MMWA, 15 U.S.C. § 2301(6)(a).

42. Seaview breached the written warranty because the Vehicle was returned to it within 60 days and 3,000 miles for repairs and it failed or refused to repair the Vehicle.

43. Seaview's breaches of written warranty were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to the Plaintiff's interests and the harm that he sustained.

44. Seaview is liable to Plaintiff for his damages, including common law punitive damages, plus attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

45. Plaintiff also seeks as an equitable remedy under MMWA an order requiring the repurchase of the Vehicle.

### C. TRUTH IN LENDING ACT

46. Seaview violated TILA by failing to provide him with any of the necessary disclosures required by 15 U.S.C. § 1638.

47. Seaview also violated TILA, because the APR is understated, because he started accruing interest on the Forged Contract before he took delivery of the Vehicle.

48. For Seaview's violations of TILA, Plaintiff is entitled to damages, plus statutory damages of $2,000, and attorney's fees and costs pursuant to 15 U.S.C. § 1640(a).

### D. CIVIL FORGERY

49. Seaview forged Plaintiff's electronic signature on the Contract.

50. Seaview is liable to Plaintiff for double damages plus common law punitive damages pursuant to Conn. Gen. Stat. § 52-565.

51. Westlake is liable to Plaintiff as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

### E. RETAIL INSTALLMENT SALES FINANCING ACT

52. Seaview violated RISFA by forging Plaintiff's signature on the Forged Contract, by failing to secure Plaintiff's signature on the Forged Contract, and by not giving Plaintiff a copy of the Forged Contract.

53. Through its violations of TILA, as pled above, Seaview further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

54. Seaview and Westlake have been restored as nearly as possible to their pre-contractual position.

55. For Seaview's violations of RISFA, Plaintiff is entitled to a rescission of the purchase.

56. Additionally, Pursuant to Conn. Gen. Stat. § 42-150bb, Plaintiff is entitled to attorney's fees and costs.

### F. CONNECTICUT UNFAIR TRADE PRACTICES ACT

57. Seaview has engaged in unfair and deceptive acts, as aforedescribed, in violation of CUTPA.

58. Seaview violated the CUTPA in the following ways:

   a. Its violations of TILA;

   b. Its violations of RISFA;

   c. Its forgery of Plaintiff's signature;

   d. It charged Plaintiff a higher APR and monthly payment than originally represented;

   e. It failed to provide Plaintiff with the Connecticut Department of Motor Vehicles form K-208 as required by Conn. Gen. Stat. § 14-62(g), a *per se* violation of CUTPA by operation of Conn. Agency Reg. § 42-110b-28(b)(23);

    f. It either failed to inspect the Vehicle prior to the sale or it inspected the Vehicle and failed to disclose the Vehicle's defects, in violation of § 14-62(g), a *per se* violation of CUTPA by operation of Conn. Agency Reg. § 42-110b-28(b)(23); and

    g. It failed to provide Plaintiff with repair invoices for the work it performed on the Vehicle.

59. Seaview's conduct as aforedescribed was unfair and deceptive and in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages in that he purchased and financed a Vehicle that was defective, charged him a higher APR than agreed upon resulting in higher finance charges, and it failed to return any sums to him after he seasonably revoked acceptance of the Vehicle.

60. For Seaview's violations of CUTPA, Plaintiff is entitled to his damages, attorney's fees and costs, and, in the discretion of the Court, punitive damages.

61. Westlake is subject to these claims and to Plaintiff's defenses under the Contract in accordance with the terms of the Contract and pursuant to Conn. Gen. Stat. § 52-572g.

62. Plaintiff is also entitled to equitable relief in the form of a cancellation of the Forged Contract and cancelation of any debt claimed.

Wherefore, Plaintiff seeks actual damages, statutory damages, punitive damages, an order stating that he validly revoked acceptance of the Vehicle and/or rescinded the Forged Contract, and attorney's fees, and costs.

        PLAINTIFF, HANSEL RODRIGUEZ

By: */s/ Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Brendan L. Mahoney (ct29839)
    bmahoney@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457